# The Borough of York *against* The Commissioners.

To authorize the commissioners of a county to erect public buildings, requires the concurrence of the quarter sessions and two consecutive grand juries.

*MANDAMUS.*

At January term 1837, petitions were presented to the court of quarter sessions and grand jury of the county of York, representing, that the court house having been erected on the public square at an early period, was found too small for the public accommodation, and in many respects inconvenient; also, that the building for keeping the public records and offices were too small, were inconvenient and insecure; and recommending that the court house, with the public offices attached, should be rebuilt, altered and enlarged on a lot of ground, the property of the county, on which the jail now stands, the jail to be removed to the back part of the lot, and the court house and offices to be placed on the front part.   An estimate is also given, that 10,000 dollars with the materials of the present buildings will complete the whole.

The above application at the January term 1837, received the approbation of the grand jury and the court.

The commissioners of the county declining to comply on the

application of the corporation of the Borough of York, a rule was issued to them by the court of common pleas, to show cause why a *mandamus* should not issue.

March 1, 1837.—The commissioners returned, that they did not comply because the application had not been sanctioned by the court, and two successive grand juries, according to the tenth section of the act of 15th April 1837.

March 10, 1837.—The demandant demurs to the return, and the court (Durkee, president) on defendants joining in demurrer, gave judgment for defendants.

The said lot of ground is situate one square from the present buildings in York.   The county owns no other ground in York.

Error assigned.

That judgment should have been for plaintiffs below.

*Barnitz*, for plaintiff in error.
*R. Fisher*, contra.

PER CURIAM.—An undoubted distinction is made by the act of 1834, betwixt erecting and altering, adding to, or enlarging the public buildings.   To do the first, requires the concurrence of the quarter sessions, and two consecutive grand juries, while the concurrence of only one is adequate to the latter.   What is contemplated here, is undoubtedly a new erection; but the tenth section which requires successive approvals, is said to provide specifically only for erections in new counties. The legislature has not said so in terms, and indeed, the natural import of the words tends to a different conclusion.   The commissioners are authorized, under the requisite sanctions, to erect public buildings " when occasion shall require;" which undoubtedly looks to a power to rebuild, whenever the accommodation of the courts and county officers shall require it.   It is clear, therefore, the commissioners would have no warrant to proceed.

Judgment affirmed.